George W. WARNECKE, Appellant,

v.

MacDONALD CONSTRUCTION COMPANY, a Missouri corporation, and Tunnicliff Construction Company, an Iowa corporation, a joint venture, Appellees.

No. 17283.

United States Court of Appeals Eighth Circuit.

Oct. 25, 1963.

William J. Allingham, New York City, made argument for the appellant and Melber Chambers, New York City, and George S. Roudebush, of Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., were with him on the brief.

William C. Dale, Jr., St. Louis, Mo., made argument for the appellees and Robert T. Hensley, of Biggs, Hensley, Curtis & Biggs, St. Louis, Mo., was with him on the brief.

Before VOGEL, MATTHES and MEHAFFY, Circuit Judges.

PER CURIAM.

This diversity action, tried without a jury in the United States District Court for the Eastern District of Missouri, resulted in a judgment in favor of plaintiffs in the amount of $43,000 and interest. Defendant has appealed, making no assertion that a mistake of law has been committed, but rather contending, in ef-

fect, that the trial court's findings of fact are clearly erroneous.

By a written contract, plaintiffs had agreed to construct a sewage treatment plant, sewers and appurtenances in and upon the land of defendant at or near Owego, New York. Plaintiffs' trial theory was that during the course of construction of the project they were required to perform certain additional and extra work not a part of the original contract, for which defendant had promised and agreed to pay. Defendant's trial version was that the alleged extra or additional work was covered by and included in the original contract and that plaintiffs were not entitled to recover any amount in excess of the contract price of $250,000 which concededly had been fully paid.

Since the trial court adequately summarized the material evidence in its opinion reported at 212 F.Supp. 595 (1963), a further discussion of the facts and circumstances will serve no beneficial purpose. The court's opinion clearly reveals that it was confronted in part with conflicting oral testimony, and chose to credit plaintiffs' witnesses and to discredit defendant's testimony.

In the posture of this case, on appeal defendant must demonstrate that the findings of the lower court were clearly erroneous. Rule 52(a), F.R.Civ. P.; United States v. Yellow Cab Co., 338 U.S. 338, 70 S.Ct. 177, 94 L.Ed. 150 (1949); Mothner v. Ozark Real Estate Company, 8 Cir., 300 F.2d 617, 620 (1962); Arkansas Valley Feed Mills v. Fox De Luxe Foods, 8 Cir., 273 F.2d 804, 808–809 (1960). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948). A heavy burden is cast upon the party who seeks to set aside findings of fact of the trial court. Bellevue Gardens, Inc. v. Hill, 111 App.D.C. 343, 297 F.2d 185, 187 (1961); Smith v. Unit-

ed States, 5 Cir., 287 F.2d 299, 301 (1961). Defendant insists that he has discharged this formidable burden and emphasizes in particular certain documentary evidence which it is said conclusively dissipates the effect of all evidence favorable to plaintiffs and proves conclusively that plaintiffs are entitled to no relief.

We have carefully examined all of the evidence, have considered the contentions of the parties, and find no justification for interfering with the trial court's findings of fact and the judgment rendered in favor of plaintiffs.

Affirmed.