INTERNATIONAL ASSOCIATION OF MACHINISTS and Local Lodge No. 1038, International Association of Machinists, Plaintiffs-Appellants,

v.

The JEFFREY GALION MANUFACTURING COMPANY, Defendant-Appellee.

No. 16003.

United States Court of Appeals
Sixth Circuit.

Sept. 3, 1965.

William M. Sillins, Columbus, Ohio, Thomas R. Bopeley, Columbus, Ohio, on brief, for appellants.

John H. Leddy, Columbus, Ohio, Porter, Stanley, Treffinger & Platt, Lawrence D. Stanley, Columbus, Ohio, on brief, for appellee

Before PHILLIPS and EDWARDS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

McALLISTER, Senior Circuit Judge.

This is an appeal from a decision of the district court granting a motion for summary judgment in favor of appellee company.

Appellant labor union brought suit under the Labor Management Relations Act, Title 29 U.S.C.A. § 185 et seq., asking the

court to compel appellee, The Jeffrey Galion Manufacturing Company, to submit grievances arising out of a collective bargaining agreement to an impartial arbitrator, under the provisions of the agreement. The grievances sought to be arbitrated were known as Grievance 189–57, and Grievance 32–58.

Grievance 189–57 stated that men in Department 40–42 were being laid off more than five days in one month in violation of the collective bargaining agreement.

Grievance 32–58 stated that Henry Weber was laid off for 53.5 hours on temporary layoff during one month, which was 13.5 hours more than allowed by the bargaining agreement.

These two grievances were based upon an alleged violation of Article IX, Section 8, of the bargaining agreement.*

Upon denial by the company that it had violated the collective bargaining agreement, the two Grievances, 189–57 and 32–58, were submitted to an impartial arbitrator who was agreed upon by both parties.

There is a considerable history of litigation behind the present case. When the company was charged with the violation of the collective bargaining agreement by the union, the two Grievances, 189–57 and 32–58, were, as above mentioned, submitted to an impartial arbitrator who was agreed upon by both parties.

After a hearing, the arbitrator found that the provision of the collective bargaining agreement governing temporary layoffs was not applicable to the claimed grievances filed, and that it had not been violated by appellee company.

After having specifically found that appellee company had not violated the bargaining agreement provision with regard to temporary layoffs, the arbitrator then proceeded beyond the issue before him, and made an award of earnings in favor of grievants based upon contractual provisions and contentions which were not within the submission.

Because of the fact that the arbitrator's award was based on contractual provisions and contentions which were not submitted to him, and that the provision upon which the grievances were based was not violated by the appellee company and was not applicable to such grievances, appellee company filed a petition to vacate the award of the arbitrator in the Court of Common Pleas of Franklin County, Ohio.

After a hearing and the submission of briefs, Judge Henry Holden of the Court of Common Pleas found in favor of the company and against the union, declared void the award of the arbitrator, and ordered it vacated.

■■ In reply to contentions of appellant union, it is to be said that it is clear that the Court of Common Pleas of Ohio had jurisdiction to enter the judgment vacating the award, under Ohio Revised Code, Section 2711.01 et seq. Moreover, state courts have concurrent jurisdiction with federal courts in matters involving enforcement of collective bargaining agreements. Smith v. Evening News Assn., 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed. 2d 246.

■ In his opinion and decision, Judge Holden held that the award of claimed loss of earnings by the employees, made by the arbitrator, was void. In the judgment entered by Judge Holden, it was stated that the court found, upon the issues joined, in favor of the company and against the union.

The principal issue before Judge Holden was whether or not the arbitrator exceeded his powers and authority in making the award. Appellee company contended that "the arbitrator, in violation of law and the said [bargaining] Agreement, exceeded his powers and authority, went beyond the issue before him

---

* Section 8 of Article IX of the Agreement reads as follows:

"Temporary Layoff. In case of a temporary layoff for lack of work for a period not to exceed five (5) working days per calendar month due to manufacturing irregularities, such layoff may be made without regard to seniority."

and made an award in favor of grievants based upon contractual provisions and contentions not within the submission." Further, appellee company contended that the arbitrator found in favor of the company on the only issue raised by the grievances, holding that Section 8 of Article IX of the collective bargaining agreement, on which the grievances were based, was not applicable and had not been violated by the company.

Appellant union, however, in its answer, denied that the "arbitrator went beyond the issue before him" or that the "arbitrator exceeded his powers."

Judge Holden, therefore, in finding in favor of appellee company on the issues joined, stated (1) that the arbitrator had exceeded his powers and authority and went beyond the issues submitted to him when he made an award based on contractual provisions and contentions not within the submission, and (2) that the provision of the collective bargaining agreement between the company and the union, upon which the grievances were based, was not applicable and had not been violated by appellee company.

Appellant union moved for a new trial in the Court of Common Pleas of Franklin County, Ohio, and this motion was denied by Judge Holden. The union then moved to modify the judgment, which was also denied by Judge Holden.

The present suit in the district court was commenced by the union against the company to compel arbitration by the company of the same grievances that had been before the arbitrator and the Ohio Court of Common Pleas.

In answer to the suit of the union to compel arbitration, appellee company pleaded res adjudicata and estoppel by judgment; and moved for a summary judgment, which the district court granted.

On appeal, the union contends that it was entitled to an order from the district court compelling the appellee company to "Re-arbitrate the Grievances in Question." This claim is advanced upon the ground that the order of the Court of Common Pleas, "in vacating and completely setting aside the arbitrator's award leaves unfulfilled the Defendant's obligations under the Contract."

As has been observed, however, the Court of Common Pleas not only set aside the money award made by the arbitrator in favor of the grievants on the ground that the arbitrator had exceeded his powers and went beyond the issues submitted to him, but the court also determined that appellee company had not violated the provision of the collective bargaining agreement upon which the grievances were based. Under these circumstances, appellant union is not entitled to have a *re-arbitration* of the same grievances based upon the same provision of the collective bargaining agreement, which have already been determined by an Ohio court of competent jurisdiction.

The district court properly considered that the determination of the Ohio Court of Common Pleas was res adjudicata; and the entry of the summary judgment is, accordingly, affirmed.