Sam **FRIEDMAN**, Appellant,

v.

**FORDYCE CONCRETE, INC.,** and John
R. Holt, Appellees.

No. 18219.

United States Court of Appeals
Eighth Circuit.

June 30, 1966.

Arthur J. Kase, Kansas City, Mo., for appellant. I. L. Kraft, Kansas City, Mo., on the brief.

Billy S. Sparks, Kansas City, Mo., for appellees, and filed brief.

Before VOGEL, Chief Judge, and MATTHES and MEHAFFY, Circuit Judges.

MATTHES, Circuit Judge.

This personal injury action was tried by the court without a jury. Plaintiff has appealed from the judgment in favor of the defendants.

■ Diversity of citizenship and the amount in controversy establish jurisdiction. The collision giving rise to plaintiff's cause of action occurred on a public street in Kansas City, Missouri, therefore, the substantive law of Missouri is controlling.

Plaintiff attempted to establish liability of defendants on the theory of primary negligence. More specifically, plaintiff alleged and endeavored to prove that defendant, John R. Holt, drove and operated the motor truck owned by defendant, Fordyce Concrete, Inc., into and against the rear end of plaintiff's automobile at a time when plaintiff's automobile was stopped. The so-called "rear end collision doctrine" invoked and relied upon by plaintiff, has been recognized and applied by the Missouri Courts in numerous cases. See e. g. Witherspoon v. Guttierez, 327 S.W.2d 874 (Mo.Sup. 1959); Snyder v. Hedges, 381 S.W.2d 376, 380 (Mo.App.1964); Hughes v. St. Louis Public Service Co., 251 S.W.2d 360, 362 (Mo.App.1952).

Following the trial, the court, Honorable John W. Oliver, filed findings of fact and conclusions of law absolving the defendants from liability. As the case reaches us the principal question at issue is whether the court's conclusion of no liability was induced by findings of fact that are clearly erroneous within the ambit of Rule 52(a) F.R.Civ.P. Plaintiff singles out this finding: "defendants. could not, with the exercise of the highest degree of care, have avoided the accident," and argues that it is contrary to the overwhelming weight of the evidence and is, therefore, clearly erroneous.

■ The basic rules to be applied in resolving the question before us are axiomatic. This court, upon review, will not retry issues of fact, neither will we substitute our judgment on such issues. for that of the trial court. We are not. permitted to set aside a finding of fact. unless there is no substantial evidence to sustain it, unless it is against the clear weight of the evidence, or unless it was induced by an erroneous view of the law. Cleo Syrup Corporation v. Coca-Cola Co., 139 F.2d 416, 417, 150 A.L.R. 1056 (8 Cir. 1943). Findings of fact are presumptively correct and the complaining party has the burden to clearly demonstrate that error exists in the findings of the trial court. Joseph A. Bass Company v. United States, 340 F.2d 842 (8

Cir. 1965); Warnecke v. MacDonald Construction Co., 323 F.2d 715, 716 (8 Cir. 1963); Montgomery Ward & Company v. Steele, 352 F.2d 822, 830 (8 Cir. 1965).

We have carefully examined the evidence in light of the foregoing rules and have no difficulty in reaching the conclusion that the court's findings of fact are supported by substantial evidence, and that its conclusions of law and ultimate judgment are not entitled to be disturbed.

The facts leading up to the collision between plaintiff's automobile and defendants' truck are not in dispute. Sixth Street is a public thoroughfare extending in an east and west direction in Kansas City, Missouri. There were 4 vehicles traveling eastwardly on Sixth Street about 3:45 P.M., November 4, 1963. The first vehicle, a Falcon automobile, driver unknown, turned suddenly to its right and directly in the path of the second vehicle, an automobile being driven by Craig Boyd. When this occurred, Boyd brought his automobile to a stop, and was struck in the right rear by the left front of the third vehicle, the automobile driven by the plaintiff. Immediately prior to this impact the plaintiff's automobile had been struck in the right rear by the left part of the front bumper of the fourth vehicle, the defendants' truck.

■■ In application of the "rear end collision doctrine," it is essential to plaintiff's recovery for the evidence to show that the front vehicle was in a place on the highway where it then had the right to be. "[I]f one person has his vehicle in a portion of the highway where he should have it or is entitled to have it in view of the course in which he is proceeding, and some other person traveling behind him in the same direction overtakes him and permits his vehicle to run into the rear of the one ahead, the proof of a collision under such circumstances makes out a prima facie case of specific negligence against such other person in charge of the overtaking vehicle." Hughes v. St. Louis Public Service Co.,

supra, 251 S.W.2d at 362; see Witherspoon v. Guttierez, supra; Snyder v. Hedges, supra. Thus, the relative position of the involved vehicles just prior to the collision between plaintiff's automobile and defendants' truck is important. Plaintiff's trial position was that his automobile was directly in front of defendants' truck and that as a result of negligence, defendants' truck rear ended his automobile. Contrarily, defendants' evidence showed that plaintiff's automobile was in the lane to the left of the truck and that plaintiff turned abruptly and without warning to his right and directly into the lane of traffic occupied by the truck, and that under these circumstances, it was impossible for defendant Holt to stop the truck before it collided with plaintiff's automobile. The physical facts corroborate defendants' version.

The court fully explored this facet of the case. A summary of its findings will suffice. Judge Oliver found: (1) Boyd was operating his vehicle east on Sixth Street immediately in front of the automobile operated by plaintiff; he was planning to turn to his left and go down the ramp leading from Sixth Street to the Sixth Street Trafficway; (2) Boyd was following an automobile, referred to above as the first vehicle, operated by an unknown woman, in the area leading down to the ramp when she apparently decided not to proceed down the ramp and turned her automobile to the right, in order to go east on Sixth Street Trafficway; (3) Boyd, upon seeing the woman starting to turn, brought his vehicle to a stop; (4) defendants' concrete truck was being operated in the middle lane for east bound traffic on Sixth Street; that after the truck had crossed the intersection of Broadway and Sixth Street defendant Holt, the driver of the truck, observed the Boyd vehicle stop, and immediately thereafter, plaintiff's vehicle turned without warning to the right from the northernmost lane in which it had been traveling, into the lane in which the truck was traveling; (5) that Holt cut the truck to the right, and applied his

brakes in an attempt to avoid the accident, but that the vehicles were too close to avoid impact; (6) that plaintiff did not look into his rear view mirror to determine whether the lane occupied by the defendants' truck was clear, did not see the truck prior to the impact, and that plaintiff failed to give any signal of his turning from the lane in which he was then traveling into the lane which was occupied by defendants' truck; (7) after the plaintiff began his turn into the lane occupied by the Fordyce Concrete Truck, the defendants could not, with the exercise of the highest degree of care, have avoided the accident.

It is unnecessary to detail the evidence upon which the court based the foregoing findings. All of the parties having anything to do with the three collisions, except the unknown driver of the Falcon automobile, were before the court. The police officer who appeared at the scene shortly after the litigated event took place testified as to the position of the vehicles. Photographs showing the position of the vehicles after the collision were before the trial court and have been examined by us. Studious consideration of the entire evidence leaves us with the definite and firm conviction that a mistake has not been committed, United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948), and consequently, we refuse to disturb the judgment.

Plaintiff also contends that the court erred in allowing into evidence, over objections, official records of the State of Missouri, showing prior traffic convictions of plaintiff, and that his drivers license had been suspended.

Plaintiff had testified on direct examination that because of the injuries he suffered in the collision he had not been physically able to drive his automobile. Upon cross examination defendants' counsel suggested that the suspension of plaintiff's drivers license, and not his disabilities, was the true explanation for his inability to operate his automobile in the pursuit of his business. When asked categorically in this regard plaintiff, in a halfhearted fashion, denied that his license had been suspended. Thereafter, over objection, the court received into evidence the records of the State of Missouri which show that subsequent to the date of the collision, November 4, 1963, plaintiff's license had been suspended and had not been reinstated at the time of trial. The exhibit also contained a record of traffic violations in the Kansas City area. The court explicitly ruled that the record of the suspension of the drivers license was being admitted "on the question of credibility."

Plaintiff's present assignment of error is patently without substance. We find nothing improper in the ruling complained of. The court was entitled to be apprised of all relevant facts and, as we see it, evidence that plaintiff was prohibited by law from driving his automobile, was germane to the contested issue of whether plaintiff had sustained disabling injuries, an issue which the court was not required to decide because of its finding of no liability.

In any event, the rule is well settled that in a non-jury case, the appellate court will not reverse the admission of incompetent evidence unless it appears that all of the competent evidence is insufficient to support the judgment, or unless it affirmatively appears that the incompetent evidence induced the court to make an essential finding which it would not otherwise have made. Joseph A. Bass Company v. United States, supra, p. 845 of 340 F.2d 842, and cases cited; Skinner v. United States, 326 F.2d 594, 597 (8 Cir. 1964).

Assuming arguendo that the evidence was incompetent, it does not affirmatively appear that such evidence induced, or even influenced Judge Oliver's decision. Moreover the record abounds with competent evidence, which, as we have previously noted, provides adequate support for the court's finding of no liability.

The judgment is affirmed.