Carl WHITSON, Appellant,

v.

YAFFE IRON AND METAL CORPORA-
TION et al., Appellees.

No. 18722.

United States Court of Appeals
Eighth Circuit.

Nov. 29, 1967.

Carl Whitson, pro se.

Sam Goodkin, Fort Smith, Ark., for appellee.

Before VAN OOSTERHOUT, MATTHES and MEHAFFY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal by Carl Whitson, plaintiff below, from final judgment dismissing his complaint against Yaffe Iron and Metal Corporation (hereinafter called Yaffe Iron) and Richard Yaffe, and awarding Yaffe Iron judgment for $7401.54, plus $750.00 attorneys' fees and $50.00 deposition costs, on its counterclaim and foreclosing a security interest lien upon described personal property of plaintiff. Jurisdiction, based upon diversity of citizenship and the requisite amount, is established.

This litigation arose out of an elaborate lease entered into between the plaintiff and Yaffe Iron on November 4, 1964, after extensive negotiations. The lease covers a guillotine hydraulic shear owned by plaintiff designed to squeeze and cut scrap metal into pieces of a size acceptable to purchasers. Plaintiff in his complaint did not rely upon the written lease but sought a declaration of his rights upon the basis of an alleged oral contract subsequently entered into. At the trial, plaintiff made a

weak contention that the written lease here involved had been superseded by the oral contract. Such contention was rejected by the trial court and no attack is made on the validity of the written lease upon this appeal.

The terms of the written lease, here controlling, are that the plaintiff as lessor shall at his own risk and expense deliver and install the guillotine shear at Yaffe Iron's scrap yard, and that plaintiff shall keep the shear in good repair and operating condition until Yaffe Iron shall have squeezed and sheared 1,000 tons of scrap. The lease further provides that Yaffe Iron shall advance $10,000 to cover transportation and installation expense on the leased property and that such sum is secured by a security interest in the leased machinery, and shall be repaid at the rate of $10 per ton for the first 1,000 tons sheared and squeezed to the lessee's satisfaction. It is then provided that after 1,000 tons of scrap have been satisfactorily processed, Yaffe Iron shall pay a rental of $500 per month for the machine and assume repair costs. The lease further provides that in event of termination thereof before 1,000 tons of scrap are processed, the unpaid balance of the $10,000 advanced shall become immediately due. Each party is given the right to terminate the lease. Pursuant to such provision, Yaffe Iron exercised its right to terminate by giving notice of termination on December 9, 1965.

Yaffe Iron, in its notice of termination and its counterclaim, asserts that it is entitled to recover from Whitson the $10,000 advance it made plus $1446.54 advanced for repairs, less a credit allowance of $10 per ton for 404.5 tons of scrap admittedly processed, leaving a balance due Yaffe Iron of $7401.54.

This case was tried to the court without a jury. The court specifically found that Yaffe Iron had squeezed and sheared only 404.5 tons of scrap with the leased machine, and that Yaffe had advanced the $10,000 required by the lease, and that it had expended $1446.54 for necessary repairs and was hence entitled

to a net recovery of $7401.54 as itemized hereinabove.

Whitson was represented by counsel in the trial court but has filed his brief here pro se. He makes a six point attack upon the judgment entered against him. Five of such points may be summarized as raising the issue that the findings upon which the judgment is based are not supported by substantial evidence. The remaining point challenges the propriety of allowing the attorneys' fees.

As plaintiff points out in his brief, the critical fact issue presented is whether Yaffe Iron has satisfactorily processed 1,000 tons of scrap metal by use of the leased machine. The trial court found against the plaintiff upon such issue, crediting defendant's oral testimony supported by its records, that only 404.5 tons of scrap were so processed. The court also found upon the basis of substantial evidence that Yaffe Iron had incurred the expense claimed for repairs.

The clearly erroneous standard applies to appellate review of findings of fact by the trial court in cases tried to the court without a jury. Rule 52(a) Fed.R.Civ.P.; Friedman v. Fordyce Concrete, Inc., 8 Cir., 362 F.2d 386, 387; Nelson v. Seaboard Sur. Co., 8 Cir., 269 F.2d 882, 886.

We do not try cases de novo upon appeal. With respect to credibility findings, great weight must be given to the fact that the trial court had an opportunity to observe and hear the witnesses. A finding is clearly erroneous only if it is induced by an erroneous view of the law or if substantial evidentiary support is lacking. We have carefully examined the entire record. No purpose whatsoever will be served by a detailed review of the conflicting evidence. We are completely satisfied that the crucial findings of the trial court are supported by substantial evidence and that such findings support the judgment entered. It is neither claimed nor established that the judgment was induced by any erroneous view of the law. The pertinent terms of the lease contract are clear and unambiguous.

Plaintiff's remaining contention that the court erred in allowing attorneys' fees on the counterclaim recovery is likewise without merit. The lease, which creates the lien, provides for attorneys' fees and further provides that the lease shall be considered as a security agreement under the Arkansas Uniform Commercial Code. Provisions in written leases for attorneys' fees in enforcement proceedings afford a proper basis for the allowance of reasonable attorneys' fees. Mercantile-Commerce Bank & Trust Co. v. Southeast Arkansas Levee Dist., 8 Cir., 106 F.2d 966, 971; 20 Am.Jur.2d, Costs § 72. Adequate support for the allowance of attorneys' fees is likewise found in 7C Ark.Stat. § 85-9-504 and 85-9-506.

The plaintiff-appellant has failed to demonstrate that the judgment entered is clearly erroneous. The judgment is affirmed.