ST. LOUIS TYPOGRAPHICAL UNION NO. 8, AFL–CIO, Appellant,

v.

HERALD COMPANY, d/b/a Globe-Democrat Publishing Company, Appellee.

No. 19139.

United States Court of Appeals
Eighth Circuit.

Nov. 7, 1968.

Robert H. Kubie, Clayton, Mo., of Bartley, Siegel & Bartley, Clayton, Mo., for appellant. Donald S. Siegel, Clayton, Mo., on the brief.

Lon Hocker, Hocker, Goodwin & MacGreevy, St. Louis, Mo., for appellee. Sabin, Berman & Blau, New York City, on the brief.

Before MATTHES, MEHAFFY and HEANEY, Circuit Judges.

MATTHES, Circuit Judge.

The St. Louis Typographical Union No. 8, AFL–CIO (Union), the collective bargaining representative of former employees of the Globe-Democrat Publishing Company engaged in composing room work, instituted this action against the Herald Company, d/b/a Globe-Democrat Publishing Company, to recover severance pay and pension rights on behalf of 154 members. The district court, Honorable John K. Regan, after a plenary trial, found for the defendant (appellee). St. Louis Typographical Union No. 8 v. Herald Co., 277 F.Supp. 276 (E.D. Mo.1967). This appeal followed.

In the district court and here, the controversy concerns two basic questions. (1) Whether the judgment of the Supreme Court of Missouri in Ackerman v. Globe-Democrat Publishing Co., 368 S. W.2d 469, cert. denied, 375 U.S. 949, 84 S.Ct. 353, 11 L.Ed.2d 276 (1963), is conclusive under the doctrine of res ju-

dicata and bars the right of appellant to seek recovery of severance pay. (2) Whether a binding oral agreement was entered into in April, 1956, which obligates appellee to pay pension benefits to all members of Union who had been employed by Globe prior to the take-over of its mechanical operations by Pulitzer Publishing Company, publisher of the St. Louis Post-Dispatch. As indicated, the district court resolved both questions against appellant. We affirm.

The underlying facts are delineated in Ackerman v. Globe-Democrat Publishing Co., supra, and in the district court's exhaustive opinion in this case. We therefore refrain from a repetitious detailed discussion of the evidence.

The collective bargaining agreement entered into on June 17, 1958, effective January 1, 1958, for a period of two years, between Union and the St. Louis Newspaper Publishers Association, acting for Globe-Democrat, provided in part:

> "In the event of merger, consolidation or permanent suspension of publication by any newspaper covered by this contract, all employes who lose employment thereby shall receive severance pay as follows:"

On February 27, 1959, Pulitzer purchased from Globe its printing equipment and the building that housed its printing plant and general offices. As part of the purchase agreement Pulitzer leased to Globe the printing equipment and building for the period from February 27, 1959, to May 31, 1959. The two companies entered into a contract under which Pulitzer agreed to print Globe's newspaper for a period of ten years. According to the contract both parties were to retain their separate identities and separate news, advertising and circulation departments.

As a result of this transaction, 154 of the Globe's composing room employees were dismissed and not rehired by Pulitzer. These 154 employees individually, represented by the same counsel who represent appellant in this proceeding, instituted an action in the Circuit Court of the City of St. Louis claiming severance pay under the terms of the aforementioned collective bargaining agreement. They were successful in the trial court. On appeal the Supreme Court of Missouri reversed, holding that the sale by Globe of its building and printing equipment to Pulitzer did not result in "merger" or "consolidation" or "permanent suspension of publication" within the provision of the collective bargaining agreement providing for severance pay. The respondents' (plaintiffs') motion for rehearing or to transfer to the court en banc was denied. As stated, the Supreme Court of the United States denied certiorari.[1]

## RES JUDICATA

The doctrine of res judicata is a principle of universal jurisprudence. It should be applied to bring litigation to an end where it is correct and just to do so. The Supreme Court articulated the doctrine in Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1947) as follows:

> "The general rule of res judicata applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule provides that when a court of competent jurisdiction has entered a final judgment on the. mer-

1. Members of three other unions brought actions in the Circuit Court of the City of St. Louis to recover benefits that they claimed were due under the same collective bargaining agreement involved in this case. All of these actions were decided against the plaintiffs. Allen v. Globe Democrat Publishing Co., Mo., 368 S.W. 2d 460 (1963); Irwin v. Globe-Democrat Publishing Co., Mo., 368 S.W.2d 452, cert. denied, 375 U.S. 908, 84 S.Ct. 198, 11 L.Ed.2d 147 (1963); Monterosso v. St. Louis Globe-Democrat Publishing Co., Mo., 368 S.W.2d 481, cert. denied, 375 U.S. 908, 84 S.Ct. 198, 11 L.Ed.2d 147 (1963).

its of a cause of action, the parties to the suit and their privies are thereafter bound 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.' Cromwell v. County of Sac, 94 U.S. 351, 352, 24 L.Ed. 195. The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment. See Von Moschzisker, 'Res Judicata,' 38 Yale L.J. 299; Restatement of the Law of Judgments, §§ 47, 48."

As we aptly pointed out in Schroeder v. 171.74 Acres of Land, 318 F.2d 311, 314 (8th Cir. 1963):

"The doctrine is but a manifestation of the recognition that endless litigation leads to chaos; that certainty in legal relations must be maintained; that after a party has had his day in court, justice, expediency, and the preservation of the public tranquility requires that the matter be at an end." (Citing cases.)

Appellant attempts to escape the force of the Missouri judgment on three grounds. (1) The Missouri action was tried and decided under state law, whereas this' action was brought and tried under a federal act; (2) There has been an intervening decision or change in the law; (3) The parties plaintiff in the actions are not in fact or in law the same.

The district court accorded comprehensive consideration to every facet of these contentions and rejected them. We are in full agreement with the reasoning of the district court and the result it reached. The scholarly opinion of the district court demonstrates that the judgment of the Missouri court constitutes a complete bar to this action on the claim for severance pay. It would be repetitious for us to engage in another discourse of the law as it relates to appellant's contentions.

To summarize, it is clearly evident that the claim in both actions is identical. The contractual provision, the conduct of Globe and the legal effect of such conduct was the vital issue in the state court as it is here. The parties plaintiff in both actions are the same. True, in *Ackerman* all of the members-employees themselves instituted and prosecuted the suit, whereas here Union is the only plaintiff. But the fact remains that Union concededly has no beneficial interest in any recovery. It prosecutes this action solely as the representative of the same employees who were plaintiffs in the state case. In determining whether the parties are the same, substance over form controls. "Identity of parties is not a mere matter of form, but of substance. Parties nominally the same may be, in legal effect, different, * * * and parties nominally different may be, in legal effect, the same." Chicago, R.I. & P. Ry. Co. v. Schendel, 270 U.S. 611, 620, 46 S.Ct. 420, 424, 70 L.Ed. 757 (1926) as quoted in Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402, 60 S.Ct. 907, 84 L.Ed. 1263 (1940).

### PENSION BENEFITS

Appellee argues that appellant's claim for pension benefits falls in the same category with the claim for severance pay and is barred by the judgment in the *Ackerman* case. Like the district court, however, we entertain the view that this facet of the lawsuit presents a different cause of action, and is not barred by res judicata.

In order to place this claim in proper perspective we briefly review the issues as framed by the pleadings. Appellant's second amended complaint alleged that the collective bargaining agreement above mentioned "covered hours, wages and other conditions of employment;" that Globe had breached the agreement, and as a result the members of Union lost sick and accident benefits, "pension benefits" and other benefits. Thus as

pleaded, claims for severance pay and pension benefits flowed from the alleged breach of the 1958 agreement. During the trial, however, appellant did not stand upon the 1958 written contract. Rather, it relied upon the testimony of several witnesses to prove that in April, 1956, an oral agreement was entered into between representatives of Union and Globe, under which Globe obligated itself to pay pensions to all members of Union who had attained the age of sixty years and who retired after twenty-five years of employment. The purport of this evidence was that this agreement was to remain in force and effect indefinitely. This evidence was received over objections that the alleged oral agreement was invalid under the Missouri Statute of Frauds and that the pension claim was barred by the statute of limitations. The district court recognized that these objections presented a serious question, 277 F.Supp. at 285, but chose to consider and decide the claim on the merits. Specifically, the court found that Globe had not "made a binding commitment in 1956 to pay pensions." Id. at 285. The court reasoned "[u]nder plaintiff's theory, the pension rights which were assertedly agreed upon were to continue indefinitely and long after the expiration of the two-year contract then being negotiated. In our view, a commitment so important and potentially financially burdensome would not have been agreed upon in the haphazard fashion testified to by plaintiff's witnesses." Id. at 286. "We find that no agreement was entered into which obligated Globe-Democrat to pay pensions to the Union's members employed by Globe-Democrat." Id. at 287.

Appellant asserts that the court's determination is against the weight of the evidence, is clearly erroneous and should be set aside. Appellee not only supports the court's action but contends that the pension claim is barred by res judicata. It also invokes the parol evidence rule and the statute of frauds. We pretermit consideration of the contentions relating to res judicata, the parol evidence rule and the statute of frauds.

Under Rule 52(a), F.R.Civ.P. as amended, "findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opinion of the trial court to judge the credibility of the witnesses."

In deciding whether the trial court clearly erred we resort to and apply guidelines now axiomatic.

■ 1. A finding is clearly erroneous only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948). "The rule itself applies also to factual inferences from undisputed basic facts, id. [333 U.S. at page 394, 68 S.Ct. 525 at page 541]." Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 291, 80 S.Ct. 1190, 1200, 4 L.Ed.2d 1218 (1960).

■ 2. The court of appeals must indulge the presumption that the findings are correct. Friedman v. Fordyce Concrete, Inc., 362 F.2d 386 (8th Cir. 1966); Manning v. Jones, 349 F.2d 992, 995 (8th Cir. 1965); United States v. Skolness, 279 F.2d 350 (8th Cir. 1960).

■ 3. The complaining party has the burden to clearly demonstrate error in the findings. This is an especially strong burden where the findings are primarily based upon oral testimony and the trial judge has viewed the demeanor and credibility of witnesses. Bryan v. Kershaw, 366 F.2d 497 (5th Cir. 1966), cert. denied. 386 U.S. 959, 87 S.Ct. 1030, 18 L.Ed.2d 108 (1967); Friedman v. Fordyce Concrete, Inc., supra; Murphy v. Shelby, 353 F.2d 418 (8th Cir. 1965); Montgomery Ward & Co. v. Steele, 352 F.2d 822 (8th Cir. 1965).

■ 4. It is not the function of the court of appeals' to reevaluate evidence presented in the trial court, and the reviewing court cannot substitute its judgment for firsthand evaluation. Cata-

**558**

phote Corp. v. DeSoto Chemical Coatings, Inc., 356 F.2d 24 (9th Cir.), cert. denied, 385 U.S. 832, 87 S.Ct. 71, 17 L.Ed.2d 67 (1966); Indemnity Ins. Co. of North America v. Pioneer Valley Savings Bank, 343 F.2d 634 (8th Cir. 1965); Consolidated Sun Ray, Inc. v. Oppenstein, 335 F.2d 801 (8th Cir. 1964); Weiby v. Farmers Mutual Automobile Ins. Co., 273 F.2d 327 (8th Cir. 1960).

■ Tested by the foregoing principles we are unable, with assurance, to hold that the district court's determination is vulnerable to the attack of appellant. True, as recognized by the district court, appellant did offer witnesses who testified that the pension agreement was orally entered into. The evidence of appellee does not unequivocally rebut such testimony. Nevertheless, it does not necessarily follow that the court erred in concluding that Globe had not committed itself to a valid and effective binding agreement. Although the court found that appellant's witnesses had not deliberately falsified their testimony, it pertinently observed that "they were testifying from memory concerning conversations which occurred almost 11 years previously. Strange to say, no memorandum relating to the conversations were made by the Union representatives, so far as the evidence discloses, nor is there any evidence that any such verbal understanding was submitted to or voted upon by the Union members." 277 F. Supp. at 286.

Further discussion would serve only to unnecessarily prolong this opinion. Manifestly, Judge Regan conscientiously evaluated all the evidence. He analyzed the oral testimony relied upon in light of other relevant and undisputed facts. He was not convinced that appellant had sustained its burden of proving the right to recover pension benefits.

We have carefully considered the entire evidence and are not left with the definite and firm conviction that a mistake has been committed.

Affirmed.