Peter CACAVAS, Plaintiff-Appellant,

v.

GENERAL MOTORS CORPORATION, CADILLAC MOTOR CAR DIVISION et al., Defendants-Appellees.

No. 20961.

United States Court of Appeals, Sixth Circuit.

June 30, 1971.

Michael Adelman, Detroit, Mich., for plaintiff-appellant; Glotta & Adelman, Detroit, Mich., on brief.

Edmond J. Dilworth, Jr., and Robert H. Fredericks, II, Detroit, Mich., for General Motors Corp.; Harry S. Benjamin, Jr., Eugene L. Hartwig, Detroit, Mich., on brief; Ross L. Malone, Gen. Counsel, Detroit, Mich., of counsel.

Jordan Rossen, Detroit, Mich., for Int'l Union, UAW and its Local 22; Stephen I. Schlossberg, John A. Fillion, Bernard F. Ashe, Stanley Lubin, Detroit, Mich., on brief.

Before WEICK, PECK and McCREE, Circuit Judges.

PER CURIAM.

The action in the District Court was brought under the provisions of Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185). The defendant company (General Motors) was charged with violation of a collective bargaining agreement by wrongfully discharging plaintiff, and the defendant union (UAW) was charged with violation of its duty to fairly represent the plaintiff.

Plaintiff was discharged by General Motors for refusing to perform his assigned job. Plaintiff thereafter filed a grievance under the terms of the collective bargaining agreement. The grievance was processed through step one and one-half. At that point the union withdrew the grievance.

Plaintiff appealed the withdrawal of his grievance through the intra-union structure. He pursued these intra-union remedies as far as the Public Review Board, as provided in the UAW International Constitution. The Public Review Board's disposition was adverse to plaintiff, the Board finding that there was no evidence to support the charge that the union's withdrawal of the grievance was motivated by improper considerations. Plaintiff was entitled to appeal this disposition to the Constitutional Convention of the International Union, but he chose not to do so. This would have been the final remedy within the intra-union structure.

Thereafter, plaintiff commenced an action in the Circuit Court of Wayne County, Michigan, in which action he alleged that UAW violated its duty to fairly represent him, and that General Motors breached the collective bargaining agreement by discharging him. The Wayne County Circuit Court dismissed plaintiff's case on the ground that plaintiff's failure to pursue his grievance appeal to the International's Constitutional Convention was a failure to exhaust his intra-union remedies. Plaintiff did not appeal from the final judgment of the Wayne County Circuit Court.

Subsequently, however, plaintiff filed the present action in the District Court, asserting basically the same allegations which he had asserted in the prior case in Wayne County Circuit Court. General Motors filed a motion for summary judgment. UAW filed a motion to dismiss, which the Court treated as a motion for summary judgment. The Court considered both motions, together with affidavits and the judgment of the Wayne County Circuit Court and held that there was no genuine issue as to any material fact, and that plaintiff had not stated a cause of action against General Motors.

We affirm the judgment of the District Court on the ground that the plaintiff was precluded from bringing the present action because the Wayne County Circuit Court decision, which was not appealed by plaintiff, is res judicata on the issue of failure to exhaust his intra-union remedies.

There is concurrent jurisdiction in state and federal courts of suits brought pursuant to Section 301. Humphrey v. Moore, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964). The fact that plaintiff's suit in the Wayne County Circuit Court was brought under Section 301 is evident from a reading of his complaint and affidavit of merit before that court.

There is no doubt that the state court had jurisdiction to hear the case, and that the allegations brought before that court were basically identical to the ones raised in the instant case. The unappealed decision of the Wayne County Circuit Court, a court of competent jurisdiction, holding that plaintiff failed to exhaust his intra-union remedies, is res judicata on that issue. See St. Louis Typographical Union No. 8 v. Herald Co., 402 F.2d 553 (8th Cir. 1968); Thomas

v. Consolidation Coal Co., 380 F.2d 69 (4th Cir. 1967); International Ass'n of Machinists v. Jeffrey Galion Mfg. Co., 350 F.2d 512 (6th Cir. 1965).

The judgment of the District Court is affirmed.