**FORD MOTOR COMPANY,**
**Plaintiff-Cross-Appellant,**

v.

**AUTO SUPPLY COMPANY, INC.,**
**Harold H. Karp and Maurine E.**
**Karp, Defendants-Appellants.**

Nos. 79–1238, 79–1281.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 9, 1979.

Decided Jan. 28, 1980.

Lyle E. Strom, Fitzgerald, Brown, Leahy, Strom, Schorr & Barmettler, Omaha, Neb., argued, for Ford Motor Company; William A. Zolbert, Ford Motor Co., Dearborn, Mich., on brief.

Lindsey Lerman, Kutak, Rock & Huie, Omaha, Neb., argued, for Auto Supply Co.; William G. Campbell, Omaha, Neb., on brief.

Before ROSS and STEPHENSON, Circuit Judges, and McMANUS *, District Judge.

McMANUS, District Judge.

This appeal involves a dispute over the settlement of an account between a manufacturer of automotive parts and one of its distributors on termination of their sales agreement. After trial to the court, defendants-appellants Auto Supply, Inc. (Auto Supply) and Harold and Maurine Karp, husband and wife (Karps) appeal from the judgment below: (1) denying Auto Supply's pre-trial motions asserting an antitrust defense and counterclaim; (2) holding the Karps individually liable as sureties for the judgment against Auto Supply; and (3) not awarding prejudgment interest on inventory Auto Supply returned to Ford.

Ford Motor Company (Ford) also appeals from the judgment denying it the return of additional "redistribution" and "recompensation" discounts of $401,345 from May, 1971 through June, 1973.

After a thorough review of the record we find the trial court's judgment not to be clearly erroneous [1] and its denial of certain procedural motions not to be an abuse of its discretion and affirm on the basis of its well reasoned opinion [2] as to all points on the appeals of both parties except as to the commencement date of prejudgment interest.

The trial court's opinion sets forth the complicated facts of this case, which will not be repeated here. The trial court found that when the sales agreement between the parties was terminated on November 1, 1975, Auto Supply owed $645,885 for the balance due on its open account with Ford, and that Auto Supply was entitled to a credit for returned inventory amounting to $1,112,698. It also found Ford entitled to $550,408 for improper redistribution allowances and recompensation claims paid to Auto Supply from July 1, 1973 through August 31, 1975. The trial court characterized the three figures as liquidated, combined them and determined that Auto Supply owed Ford the net amount of $83,595. It then awarded Ford prejudgment interest on $83,595 from May 1, 1976, (six months after termination of the sales agreement pursuant to Neb.Rev.Stat. 45–104).[3]

We disagree only with the commencement date of prejudgment interest. Ford is entitled to prejudgment interest on the combined figure according to the terms of the Nebraska statute. However, the record is undisputed that the last item in the account was a credit for the returned inventory on May 12, 1976. Therefore, prejudgment interest should commence November 12, 1976 rather than May 1, 1976.

Finally it was conceded at oral argument that Ford had owing to it from Auto Supply an additional $7,740.27 in recompensation claims for sales prior to July 1, 1973.

* The Honorable Edward J. McManus, Chief Judge, United States District Court for the Northern District of Iowa, sitting by designation.

1. *St. Louis Typographical Union No. 8, AFL–CIO v. Herald Co.*, 402 F.2d 553 (8th Cir. 1968).

2. *Ford Motor Company v. Auto Supply Company, Inc.*, D.C., 480 F.Supp. 947 (1978).

3. Neb.Rev.Stat. § 45–104 provides in part:

. . . Unsettled accounts between parties shall bear interest after six months from the date of the last item thereof.

We hold that prejudgment interest also should be allowed on this amount from November 12, 1976.

Remanded for further proceedings consistent herewith.