chanic's lien for the unpaid balance on equipment and labor.

Valley State Bank financed Sepco's operation with a series of secured loans beginning in June 1980. In July 1980, the Bank sought to strengthen its position by asking Arlon to subordinate its lien priority position to that of the Bank. Without contacting anyone at Sepco, a Bank officer presented Arlon with a document that memorialized Arlon's and Sepco's completed and contemplated obligations and subordinated Arlon's lien rights to the security interests of the Bank. Arlon's officers signed the document in reliance on the Bank officer's promise to ensure that funds would be set aside from future advances to Sepco to satisfy Sepco's debts to Arlon. The Bank did not perform its promise to earmark funds for Arlon.

The bankruptcy court held that Arlon's mechanic's lien, filed two days after it finished work at the Sepco site, assumed the transaction's commencement date of February 1980 as its priority date, well before the Bank filed its security interests. In addition, the bankruptcy court determined that Arlon's mechanic's lien did not contain willful misstatements and that its claim was reasonable. Finally, the bankruptcy court refused to enforce the subordination agreement on grounds of lack of consideration, fraud, equitable estoppel, unjust enrichment, and equitable subordination under 11 U.S.C. § 510(c). The district court affirmed the bankruptcy court's decision on the ground that lack of consideration alone is sufficient to justify invalidating the subordination agreement.

When the bankruptcy court's findings have been approved on review by the district court, the findings are presumptively correct and will not be set aside " 'unless some obvious error has occurred in the application of the law, or some serious or important mistake has been made in the consideration of the evidence.' " *Solari Furs v. United States*, 436 F.2d 683, 684 (8th Cir.1971) (quoting *Tarutis v. United States*, 354 F.2d 546, 549 (8th Cir.1965)). After a careful review of the record, we find no error in the lower courts' findings or conclusions concerning the validity of Arlon's lien.

The record supports the lower courts' finding that Arlon received nothing in return for signing a subordination agreement. Both the bankruptcy and district courts interpreted South Dakota law, *e.g.*, *American State Bank v. Cwach*, 85 S.D. 562, 187 N.W.2d 107, 109–10 (1971), to prevent the Bank and FmHA from taking advantage of the agreement. We see no reason to deviate from the deference normally accorded to a district court's interpretation of the law of the state in which it sits, *see*, *e.g.*, *Mitchell v. City of Minneapolis*, 707 F.2d 490, 491 (8th Cir.1983).

The judgment of the district court is affirmed.

William E. HUGHES, Appellant,

v.

Howard J. HOFFMAN, Superintendent, Missouri Highway Patrol, Appellee.

No. 84–1775.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 15, 1984.

Decided Dec. 12, 1984.

Alex Bartlett, Jefferson City, Mo., for appellant.

Michael L. Boicourt, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

William E. Hughes appeals the district court's [1] dismissal of his 42 U.S.C. § 1983 complaint. On April 23, 1984 Hughes filed a complaint seeking a temporary restraining order, injunctive relief and attorney fees to prevent what he alleged to be his unconstitutional job transfer from Western Missouri to Eastern Missouri. For reversal Hughes argues that the district court erred in finding that the suit was barred by res judicata. The appellee, Hoffman, argues that this court should award attorney fees and costs for the filing of a frivolous appeal.

Hughes, a member of the Missouri State Highway Patrol, brought this action against Harold J. Hoffman, Superintendent of the Missouri Highway Patrol, for alleged violations of his constitutional rights. Hughes alleged, *inter alia,* that a March 9, 1984 transfer order was issued in retaliation for his exercise of his first amendment rights in challenging and appealing an October 16, 1981 transfer order.

In 1982 the District Court for the Western District of Missouri granted Hughes an injunction in regard to his transfer order. *Hughes v. Whitmer,* 537 F.Supp. 93 (W.D. Mo.1982). This court, ruling that the 1981 transfer did not violate first amendment rights, dissolved the district court's permanent injunction. *Hughes v. Whitmer,* 714 F.2d 1407, 1414–17 (8th Cir.1983). After an unsuccessful petition for a rehearing and rehearing en banc, on February 29, 1984 the United States Supreme Court denied a petition for a writ of certiorari. *Hughes v. Whitmer,* —— U.S. ——, 104 S.Ct. 1275, 79 L.Ed.2d 680 (1984). On March 29, 1984 the patrol revived or reissued the October, 1981 transfer order. Hughes claims that the 1984 transfer is in retaliation for his appeals.

---

1. The Honorable Scott O. Wright, United States District Judge, Western District of Missouri.

## I.

 "The doctrine of res judicata is a principle of universal jurisprudence. It should be applied to bring litigation to an end where it is correct and just to do so." *St. Louis Typographical Union No. 8 v. Herald Co.,* 402 F.2d 553, 555 (8th Cir. 1968). This case falls into the category that *St. Louis Typographical Union No. 8* intended to address. Once a court with jurisdiction to hear the matter has entered a final judgment on the merits, the parties and their privies are forever bound. *Commissioner v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948). Thus, a final judgment on the merits bars future claims by the same parties based on the same cause of action. *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979).

Hughes is attempting to sue on the cause of action already adjudicated in *Hughes v. Whitmer,* 714 F.2d 1407 (8th Cir.1983). Hughes has alleged that the circumstances have changed, and that the present transfer order is in retaliation for defending his rights in a court of law. We must disagree. The Patrol is merely seeking to implement an order which had been held up for several years as the subject of the original litigation. Hughes has ignored this court's previous ruling and chooses to bring this action without a proper basis.

## II.

The appellee makes a claim for attorney fees on appeal. In *Ueckert v. Commissioner,* 721 F.2d 248, 251 (8th Cir.1983), we said "in the future, this court will consider assessing just damages ... for taking frivolous appeals on issues already clearly resolved."

Hughes is attempting to relitigate a matter which has been litigated and closed. His appeal is groundless, without merit and legally frivolous. While we decline fully to compensate appellee for damages, costs and attorney fees on appeal, we assess as against appellant and his attorneys jointly and severally double costs on appeal together with attorney fees in the modest amount of $500.00. *See* 28 U.S.C. §§ 1912 and 1927; FRAP 38.