**VOLKSWAGEN OF AMERICA, INC.**

**v.**

**UNITED STATES.**

**C.D. 4358; Protest Nos. 68–61837–656, 68/61840–659, and 68/61841–660 against the decisions of the district director of customs at the port of Houston.**

United States Customs Court,
Third Division.

June 21, 1972.

---

4. Denial of the cross-motions is without prejudice to possible amendments of the pleadings pursuant to rule 4.8.

Donohue & Shaw, New York City (Aloysius P. Stedina and Joseph F. Donohue, New York City, of counsel), for plaintiff.

Harlington Wood, Jr., Acting Asst. Atty. Gen., John A. Winters, trial attorney, for defendant.

Before RICHARDSON and LANDIS, Judges.

RICHARDSON, Judge:

These cases are before the court on rehearing granted at the instance of the plaintiff on April 8, 1971. The merchandise consists of model 265 Volkswagen motor vehicles, called a double-cab pickup, exported from West Germany, entered at the port of Houston, Texas, and classified in liquidation under TSUS item 945.69 as automobile trucks, valued at $1,000 or more. It was claimed in the protests that the merchandise should be classified as motor vehicles other than automobile trucks under TSUS item 692.10. And after trial of the resulting issue the protests were overruled, without, however, affirming the district director's classification. See the opinion of this court in Volkswagen of America, Inc. v. United States, 66 Cust. Ct. 85, C.D. 4172 (1971); 322 F.Supp. 1390 (1971). Of the evidence in the record the court there stated:

> We find from the evidence presented in this record that the model 265 Volkswagen is specially suited to perform the limited role of conveying a small crew and its equipment to and from a particular place or job site, and is specially constructed and equipped to perform special services.
>
> . . .

Prior to trial on rehearing plaintiff amended its protests by leave of court granted June 23, 1971, to add an alternative claim under TSUS item 692.16 for classification of the subject merchandise as:

> "Motor Vehicles specially constructed and equipped to perform special services or functions . . . Other" at 9% ad valorem.

And at the ensuing trial held on December 7, 1971, the parties were permitted to introduce evidence relating to the alternative claim.

Plaintiff rested its case on the basis of the evidence already in the record. Defendant undertook to introduce evidence concerning the manufacture of domestic vehicles of the types described as exemplars in item 692.16. Whereupon, plaintiff's counsel conceded that the imported vehicle is not like any of the exemplars enumerated in item 692.16. On this premise the court made a series of rulings barring the further introduction by defendant's counsel of evidence dealing with the exemplars in item 692.16. Defendant then introduced evidence relating to the production and distribution of two domestic vehicles said to be similar to the imported vehicle.

On the record and decision of this court in C.D. 4172, and upon the proceedings had herein on rehearing, we are of the opinion that the evidence supports the alternative claim under item 692.16 set forth in the amended protest. In our opinion item 692.16 is not limited by the exemplars set forth in that statute. As the draftsmen of TSUS noted with respect to this statute, the item covers "motor vehicles specially constructed and equipped to perform special services or functions." [1] Thus, the exemplars in that statute are at best directory only, with the remaining language of the statute being determinative of its outer limits. And we find nothing in the language of the statute or in its legislative history indicative of a limitation on classification in terms of the *degree* of special construction and equipment of imported motor vehicles sought to be classified thereunder.

As of the time of the rendition of the original decision in the case, the

---

1. Tariff Classification Study, Schedule 6, page 325.

court had not found the evidence of record on the subject of special purpose vehicles to be wanting. Indeed, defendant's counsel admits in his brief on rehearing (page 9) that "there is some evidence in the record from the first hearing as to the passenger and cargo carrying features of the vehicle." It was these combined features in one vehicle [both from the standpoint of construction and utilization] set apart from ordinary definitions and tariff classifications of motor vehicles that stressed *primary* as distinguished from other functions which induced us to conclude from the evidence that the subject vehicle is a special purpose vehicle.

What the court found to be lacking in the original record was an appropriate pleading under which to give judicial effect to the evidence. However, such defect in pleading has now been remedied in the proceedings on rehearing under the amended protest. *Cf.* Norman G. Jensen, Inc. v. United States, 48 Cust.Ct. 304, Abstract 66357 (1962). Consequently, plaintiff's claim for classification of the model 265 Volkswagen under item 692.16 is sustained.

Judgment will be entered herein accordingly.