The UNITED STATES, Appellant,

v.

VOLKSWAGEN OF AMERICA,
Appellee.

VOLKSWAGEN OF AMERICA,
Appellant,

v.

The UNITED STATES, Appellee.

Customs Appeal Nos. 5515, 5517.

United States Court of Customs
and Patent Appeals.

Jan. 24, 1974.

Joseph F. Donohue, Aloysius Stedina, Charles P. Deem, Donohue & Shaw, New York City, attorneys of record, for Volkswagen of America.

Harlington Wood, Jr., Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, Michael S. O'Rourke, New York City, for the U. S.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

RICH, Judge.

These appeals are from the decision and judgment of the United States Customs Court, Third Division, in Volkswagen of America, Inc. v. United States, 68 Cust.Ct. 190, C.D. 4358, 343 F.Supp. 1394 (1972), which was a rehearing of Volkswagen of America, Inc. v. United States, 66 Cust.Ct. 85, C.D. 4172, 322 F. Supp. 1390 (1971). We reverse.

The merchandise, Volkswagen double-cab pickups, model 265, was classified under item 945.69 of the Tariff Schedules of the United States (TSUS) as "Automobile trucks valued at $1,000 or more (provided for in item 692.02)" with duty at 25% ad valorem. The first decision of the Customs Court, C.D. 4172, 322 F.Supp. 1390, involved a protest by the importer claiming classification as "Other" vehicles provided for in item 692.10, TSUS, under the same superior heading as automobile trucks, and dutiable at 5.5% ad valorem. The court held that the superior heading plainly contemplates *"single purpose* transport vehicles, i. e., motor vehicles which transport either persons *or* articles," whereas the importations transport both. It therefore overruled the protest, without however, affirming the classification by the district director.

After judgment in C.D. 4172, 322 F. Supp. the Customs Court, on motion by Volkswagen, vacated the judgment and

allowed amendment of the protest to add an alternate claim under item 692.16 as "Motor vehicles specially constructed and equipped to perform special services or functions," "Other," at 9% ad valorem. The court sustained the latter claim in C.D. 4358, 343 F.Supp. 1394.

Before us, in appeal No. 5515, the government appeals on the ground that the original classification under item 945.69 (692.02) was correct. In appeal No. 5517, Volkswagen, although it did not introduce additional evidence, seeks classification primarily under item 692.-10 and, alternatively, seeks to maintain the judgment below holding classification proper under item 692.16.

The statutes involved are: [1]

Tariff Schedules of the United States, 19 U.S.C. § 1202:

Classification:

Appendix to the Tariff Schedules

Part 2. Temporary Modification Proclaimed Pursuant to Trade-Agreements Legislation

Subpart B. Temporary Modifications Pursuant to Section 252 of the Trade Expansion Act of 1962

Item

| 945.69 | Automobile trucks valued at $1,000 or more (provided for in item 692.02).. | 25% ad val. |

Motor vehicles (except motorcycles) for the transport of persons or articles:

| [692.02] | Automobile trucks ................. | * * * |

Claimed Classification:

Schedule 6, Part 6, Subpart B, TSUS:

\* \* \* \* \* \* \* \*

Motor vehicles (except motorcycles) for the transport of persons or articles:

| 692.02 | Automobile trucks valued at $1,000 or more, and motor buses ........... | * * * |
| 692.10 | Other .......................... | 5.5% ad val. |

Claimed Classification on Rehearing Sustained by the Court:

Schedule 6, Part 6, Subpart B, TSUS:

\* \* \* \* \* \* \* \*

Motor vehicles specially constructed and equipped to perform special services or functions, such as, but not limited to, fire engines, mobile cranes, wreckers, concrete mixers, and mobile clinics:

| * * * | Fire engines ...................... | * * * |
| 692.16 | Other .......................... | 9% ad val. |

1. Item 945.69 arose from Presidential Proclamation No. 3564, the so-called "chicken war" proclamation, which restored the full statutory rate of duty on, *inter alia*, automo-

The imported double-cab pickups are illustrated in Volkswagen's Exhibit 4, a pamphlet entitled "The Volkswagen family of trucks," as follows:

**VW DOUBLE CAB**

Built on the same chassis as the Volkswagen standard pickup truck (with one bench seat enclosed in the cab), the model 265 has two bench seats in the enclosed cab to accommodate a driver and five passengers. Exhibit 4 contains the statement:

> Take the back seat out and you can store 65 cubic feet of anything (cargo, equipment or whatever) you want to keep dry and protected.

According to a qualified witness for Volkswagen, the model 265 is designed to carry five passengers plus a driver with an overall carrying capacity of approximately 2200 pounds. With six persons in the vehicle, the capacity is about evenly divided—1100 pounds for the driver and passengers and 1100 pounds for cargo. With only 3 persons, as could be carried in the front seat alone, the cargo capacity was said to be about 1578

pounds. The sides of the flat cargo space at the rear are hinged to swing downward to provide additional flat cargo carrying space.

In its opinion on rehearing, C.D. 4358, 343 F.Supp. 1395, the Customs Court quoted from its opinion in C.D. 4172, 322 F.Supp. 1390 as follows:

> We find from the evidence presented in this record that the model 265 Volkswagen is specially suited to perform the limited role of conveying a small crew and its equipment to and from a particular place or job site, and is specially constructed and equipped to perform special services * * *.

The court then commented that, on rehearing, Volkswagen's counsel conceded that the imported vehicle "is not like" any of the exemplars enumerated in item 692.16,[2] that it "made a series of rulings barring the further introduction by [government's] counsel of evidence dealing with said exemplars," and that "[the] defendant then introduced evidence relating to the production and distribution of two domestic vehicles said to be similar to the imported vehicle." Finally, the court stated that what it found lacking in the original record was an appropriate pleading to give judicial effect to the evidence and, that defect having been remedied under the amended protest, the claim for classification under item 692.16 was sustained.

The conclusion of the court was based primarily on the court's holding that the language of the superior headnote for items 692.02 and 692.10 was limited to *"single purpose* transport vehicles, i. e. motor vehicles which transport either persons *or* articles." Both parties disagree with that position. So

bile trucks in retaliation for European Economic Community discrimination against American poultry products. See United States v. Star Industries, Inc., 59 CCPA 159, C.A.D. 1060, 462 F.2d 557 (1972), cert. den., 409 U.S. 1076, 93 S.Ct. 678, 34 L.Ed.2d 663 (1972).

2. While that may well be the implication of counsel's statements and objections, his most explicit statement appears to have been:
> I hereby stipulate that the merchandise at bar is not a fire engine, a mobile crane, a wrecker, a concrete mixer, or a mobile clinic.

do we. It appears obvious to us that automobile trucks such as come under item 692.02 transport the driver and often one or more passengers in addition. On the other hand, passenger vehicles which obviously would fit under item 692.10 practically all have trunk space which may be used to carry goods. As between the TSUS items for automobile trucks and other motor vehicles, including passenger cars, the evidence clearly points to classification in the former. The rear cargo space in model 265 obviously is characteristic of a truck, more particularly of the ordinary pickup truck with a single seat in the cab for the driver and one or two passengers. We do not see that the addition of a removable second seat and corresponding rearward enlargement of the cab to permit carrying a larger work crew take the model 265 out of the truck category. Volkswagen's aforementioned pamphlet, exhibit 4, like other VW advertising in evidence, includes both the single-cab pickup and the double-cab pickup as members of "The Volkswagen family of trucks." We therefore hold model 265 to be a "truck."

As to classification of model 265 as a vehicle "specially constructed and equipped to perform special services or functions" under item 692.16, the aforementioned stipulation by Volkswagen's counsel regarding the exemplars therein is of interest, along with the fact that the court below ruled the government's offer of evidence regarding them was irrelevant. But even without these considerations, the nature of the exemplars is so well known that judicial notice can be taken that they all are specially equipped to perform special services or functions other than merely transporting goods or persons from one point to another. They are all provided with fixed *equipment* to perform special services or functions. Volkswagen's evidence was all introduced at the first trial where its sole claim was to item 692.10. We find nothing in that evidence which persuades us that model 265 was specially equipped to perform special services or functions in the sense we find indicated by the exemplars in item 692.16. The only thing "special" resides in a redistribution of passenger versus cargo carrying facilities. There is no "special equipment."

The Customs Court considered these exemplars to be "at best directory" and found "nothing in the language of the statute or in its legislative history indicative of a limitation on classification in terms of the *degree* of special construction and equipment" required. We do not agree with the court's conclusion. In the absence of some restriction on the breadth of the words "specially" and "special" in item 692.16, the mere addition of various available optional equipment or accessories might be considered to bring an otherwise conventional vehicle within the item—a result obviously not intended by Congress.

■ Thus, we find that Volkswagen has failed to meet its burden of proving the district director's classification incorrect and either of its claimed classifications correct. See United States v. Good Neighbor Imports, Inc., 33 CCPA 91, C.A.D. 321 (1945); United States v. Loffredo Bros., Gehrig Hoban & Co., Inc., 46 CCPA 63, C.A.D. 697 (1958); United States v. Victoria Gin Co., 48 CCPA 33, C.A.D. 759 (1960). The classification in item 945.69 (provided for in item 692.02) must stand.

The judgment of the Customs Court is reversed.

Reversed.