The decision and judgment of the Customs Court should be reversed.

496 (F.2d) 902

THE CARRINGTON CO., UNITED GEOPHYSICAL CORP. *v.* THE UNITED STATES (No. 5539, C.A.D. 1126)

United States Court of Customs and Patent Appeals, June 13, 1974

*Glad, Tuttle & White*, attorneys of record, for appellants. *George R. Tuttle*, of counsel.

*Irving Jaffe*, Acting Assistant Attorney General, *Andrew P. Vance*, Chief, Customs Section, *Michael S. O'Rourke* for the United States.

[Oral argument April 3, 1974, by Mr. Tuttle and Mr. O'Rourke]

Before MARKEY, *Chief Judge*, RICH, BALDWIN, LANE AND MILLER, *Associate Judges*

MILLER, *Judge*.

This appeal is from the decision and judgment of the Customs Court, *Carington Co.* v. *United States*, 70 Cust. Ct. 105, C.D. 4415, 358 F. Supp. 1286 (1973), overruling appellants' protests concerning classification of Flextrack-Nodwell motor vehicles imported with Mayhew drills. We affirm.

Familiarity with the opinion below is asumed. However, we point out that in one protest the drills were mounted on the vehicles, and in the other protest the drills merely accompanied the vehicles in an unassembled condition for subsequent mounting;[1] also, that one vehicle which was entered without an accompanying drill was granted free entry under item 692.11[2] as a motor vehicle for the transport of persons or articles.

The imported vehicle with the mounted Mayhew drill circled is shown below:

---

[1] Under General Interpretative Rule 10(h), Tariff Schedules of the United States, unless the context requires otherwise, a tariff description for an article covers such article, whether assembled or not assembled.

[2] Item 692.11 applies to motor vehicles (except motorcycles) for the transport of persons or articles and imported from Canada (not including three-wheeled vehicles).

The following reproduction shows the vehicle with the drill ready for operation:

The Customs Court held that classification of the imported vehicles was properly made under item 692.16, TSUS (the duty varying according to the date of entry). Pertinent provisions are as follows:

PART 6.—TRANSPORTATION EQUIPMENT

\* \* \* \* \* \* \*

Subpart B.—Motor Vehicles

\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*

Motor vehicles specially constructed and equipped to perform special services or functions, such as, but not limited to, fire engines, mobile cranes, wreckers, concrete mixers, and mobile clinics :

| | | |
|---|---|---|
| 692.14 | Fire engines_____ | \* \* \* |
| 692.16 | Other _____ | 9% ad. val. |
| | | [8% ad. val.] |

OPINION

The issue is whether the imported vehicles are specially *constructed* to perform special services or functions other than the mere transportation of goods or persons within the meaning of item 692.16, appellants having admitted that the drill is sufficient to make the imported vehicle specially equipped.[3]

It is a well-establish principle that classification of an imported article must rest upon its condition as imported. *United States* v. *Baker Perkins, Inc.*, 46 CCPA 128, C.A.D. 714 (1959). That the imported vehicle is differently classified when imported without an accompanying drill or with different equipment would not be inconsistent with this principle. Moreover, the fact that the drill can be removed and replaced with other equipment, such as a kitchen diner or water tank, does not affect classification of the vehicle when imported with the drill. Nothing in item 692.16 requires that a vehicle chassis be suitable for one and only one purpose.

Accordingly, we conclude that versatility of purpose did not preclude the Customs Court from finding that the imported vehicles were specially constructed.

From the evidence of record, we also conclude that the vehicles in question are, for all practical purposes, mobile drills. They are specially constructed to transport *and* (with a drive-line power take-off from the engine) to operate a drill at a chosen site. It is to be noted that transportation *and* operation of equipment fixed to the vehicle to perform special services or functions are the two essential features which the imported vehicles have in common with the exemplars shown for item 692.16.

In view of the foregoing, we hold that the imported vehicles are specially constructed and equipped to perform special services or functions within the meaning of item 692.16 TSUS.

The judgment of the Customs Court is *affirmed*.

LANE, *Judge*, concurs in the result.

---

[3] See *United States* v. *Volkswagen of America*, 61 CCPA 29, C.A.D. 1113, 490 F. 2d 977 (1974).