GOOD HOPE REFINERIES, INC.,
Debtor, Appellant,

v.

R. D. BRASHEAR et al., Defendants,
Appellees.

No. 78–1332.

United States Court of Appeals,
First Circuit.

Argued Nov. 7, 1978.
Decided Dec. 26, 1978.

Stephen F. Gordon, Boston, Mass., with whom Carol J. Kenner, and Widett, Widett, Slater & Goldman, P. C., Boston, Mass., were on brief, for debtor, appellant.

Vern Countryman, Boston, Mass., with whom William J. Rochelle, Jr., and Rochelle, King & Balzersen, Dallas, Tex., were on brief, for defendants, appellees.

Before ALDRICH, CAMPBELL and BOWNES, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

On October 20, 1977, R. D. Brashear, et al. (Brashear) filed a complaint in the pending Chapter XI proceeding of Good Hope Refineries, Inc. (Good Hope), seeking relief from the automatic stay imposed by Bankruptcy Rule 11–44(a), so that Brashear could foreclose a mortgage on certain Texas real estate. The complaint alleged that Good Hope holds legal title to the real estate, which is mortgaged to Brashear to secure a debt of—as of October 14, 1977—about $3,914,600. It also alleged that the debt is in default and that interest is accruing at a rate of about $943 per day.

According to the complaint, the real estate in question was originally mortgaged to Brashear by Good Hope's principal stockholder, John R. Stanley, who transferred legal title to Good Hope eight months after initiation of the Chapter XI proceeding and a month after default. Good Hope allegedly lacks any equity in the property.

Good Hope sought to ward off Brashear's attempts to foreclose by filing a motion to quash service of process[1] and to dismiss under Fed.R.Civ.P. 12(b)(6).[2] The bankruptcy judge denied the motion. Good Hope appealed that decision to the district court, which dismissed the appeal without prejudice on May 30, 1978, in response to Brashear's unopposed motion alleging that Good Hope had failed to transmit the record on appeal in a timely fashion, as required by Bankruptcy Rule 807. An untimely motion for reconsideration filed by Good Hope was considered and denied. Good Hope then appealed to us from the district court's decision. We understand that the case has since been heard in the bankruptcy court, but that court's decision is being withheld pending our disposition of this appeal. Thus for over a year after Brashear filed its complaint seeking relief from the Chapter XI stay, the matter has remained undecided.

Brashear urges us either to dismiss the appeal for want of appellate jurisdiction or to affirm on the merits, and offers a host of supporting grounds. From this plethora of reasons, all pointing persuasively in the same direction, we are satisfied to dismiss on the basis of the "trivial order" rule.

■ Interlocutory appeals are allowed in bankruptcy cases, 11 U.S.C. § 47, but courts and parties are not at the mercy of indiscriminate appeals from just any order, however lacking in overall significance. Orders so unimportant as to be unappealable have been variously described as ones which lack the "character of a formal exercise of judicial power affecting the asserted right of a party," that do not decide some step in the proceedings, 2 *Collier on Bankruptcy* ¶ 24.- 39, at 795–96 (14th ed. 1976), or which lack "definitive operative finality," *In re Durensky,* 519 F.2d 1024, 1029 (5th Cir. 1975). *See In re Continental Mortgage Investors,* 578 F.2d 872, 877 (1st Cir. 1978); *Cope v. Aetna Finance Co.,* 412 F.2d 635, 639 (1st Cir. 1969); 16 C. Wright & A. Miller, Federal Practice and Procedure § 3926 (1977).

■ Here, the bankruptcy court's denial of Good Hope's motion meant only that the issue of harm would not be addressed on the pleadings but instead would be determined in the context of a hearing at which the material facts could be better developed. This ruling conformed to current pleading practice and philosophy, which does not favor resolution of disputes on the basis of arguments addressed to the semantics of a complaint. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The district court's dismissal of the appeal was equally benign; being "without prejudice to appellant's right to raise the same issue on appeal from the judgment on the merits."

Orders of this sort, which simply require further development of the issues on the merits, have been held to lack the "definitive operative finality" that will sustain immediate appellate review. *Cf. Cope,* 412 F.2d at 639 (order reversing and remanding for further hearing an order disallowing claim would not have been appealable); *Baldonado v. First State Bank,* 549 F.2d 1380, 1381 (10th Cir. 1977) (no appeal from affirmance of refusal to dismiss bankruptcy complaint because untimely filed); *In re Durensky,* 519 F.2d at 1029 (no appeal from order remanding for hearing order denying motion to dismiss for want of jurisdiction

---

1. Good Hope's motion questioned the adequacy of Brashear's service by mail upon its attorney alone, *see* Bankr.R. 704(c)(8), rather than upon both the company and its attorney, *see* Bankr.R. 704(c)(9). No prejudice is asserted or can be conceived, *see* Bankr.R. 704(h), and, as appellant's counsel virtually conceded in oral argument, the matter seems a tempest in a teapot, at least in this context.

2. Good Hope alleged that Brashear's complaint was flawed because it failed to allege irreparable harm due to diminution in the value of the property.

over tax claim); *Dutch Mercantile Corp. v. Eighteenth Avenue Land Co.,* 302 F.2d 636 (2d Cir. 1962), *cert. denied,* 379 U.S. 834, 85 S.Ct. 64, 13 L.Ed.2d 41 (1964) (no appeal from order reversing and remanding for taking of further evidence order denying motion to declare lien invalid).

While extraordinary circumstances—perhaps a substantial question of jurisdiction or law or a patently inadequate claim—might warrant immediate review of an order which put the parties to the time and expense of proceeding on the merits, no such circumstances exist here. On the contrary, Good Hope's motion to dismiss Brashear's complaint, smacking of the formalism notice pleading was intended to eliminate, bore all the indicia of an obvious delaying tactic. The objection to service was, indeed, either frivolous or at best so minor as to be an imposition. It is clear that Brashear's complaint should be disposed of as promptly as possible on a factual record since, while the value of the real estate may be increasing, so too is the amount of the debt.

█ Were we to engage in a more detailed inquiry into Brashear's alternative reasons why this appeal should be dismissed, including those of the district court, it seems likely we would find merit in some or all of them as well. This is an appeal which comes perilously close to being an abuse of process. While attorneys have a professional duty to represent clients zealously, they are not justified in spinning out essentially frivolous appeals for the sake of delay. We believe in the circumstances that appellee is entitled to recover double costs pursuant to 28 U.S.C. § 1912 and Fed.R.App.P. 38. Furthermore, as it is uncertain that the imposition of costs against Good Hope would be fully effective, and as responsibility for these proceedings rests with counsel, we think it fitting that the costs be assessed against appellant's counsel personally under 28 U.S.C. § 1927.

*Appeal dismissed. Double costs are assessed against counsel for appellant.*