*19
 
 LEVIN H. CAMPBELL, Circuit Judge.
 

 This appeal is from an order entered in ongoing bankruptcy proceedings initiated on February 1, 1978 against Lloyd, Carr & Co. and Alan Abrahams by certain of their creditors.
 
 [1]
 
 Two days after the bankruptcy petitions were filed, the district court appointed a receiver and enjoined all suits against, the alleged bankrupts. Subsequently, the receiver marshalled some $5 million in assets and applied for the appointment of a representative for the alleged bankrupts' customers. On July 10, 1979, the duly appointed customers’ representative moved for modification of the previously entered injunction prohibiting litigation against the alleged bankrupts; he sought permission to file and prosecute a reclamation complaint for fraud seeking to impose a constructive trust upon the assets that had been marshalled. On August 8, 1979, the motion to modify the injunction was allowed without a hearing, and the customers’ reclamation complaint was filed.
 
 [2]
 
 This appeal is taken from that order.
 

 As the August 8 order was an interlocutory order, a threshold question is whether we have appellate jurisdiction to review it. The answer to that question depends on whether the order was entered in a “proceeding in bankruptcy” or in a “controversy arising in a proceeding in bankruptcy.” Section 24a of the Bankruptcy Act, 11 U.S.C. § 47(a).
 
 [3]
 
 Interlocutory orders in a “proceeding” are appealable, unless they are “trivial,”
 
 see Good Hope Refineries, Inc. v. Brashear,
 
 588 F.2d 846, 847 (1st Cir. 1978); interlocutory orders in a. “controversy” are non-appealable. See
 
 Cope v. Aetna Finance Co. of Maine,
 
 412 F.2d 635, 638 n.8 (1st Cir. 1969).
 
 [4]
 

 Deciding whether , an order was entered in a “proceeding” or in a “controversy” is not always simple, and in this case there is more than one way to look at the order in question. Modification of an injunction against lawsuits can be viewed simply as an event in -the administration of the bankrupt estate. Orders entered in the ordinary course of the administration of an estate are usually regarded as orders in the bankruptcy “proceeding” itself.
 
 United Kingdom Mutual Steamship Assurance Association v. Liman,
 
 418 F.2d 9, 10 (2d Cir. 1969); 2 Collier on Bankruptcy ¶¶ 24.12 and 24.20 (14th ed. 1976). The instant order can alternatively be viewed, however, as the first, and an essential, step in a reclamation proceeding. Orders in reclamation proceedings, or in other disputes about what belongs in a bankrupt’s estate, are customarily regarded as orders in a “controversy.”
 
 Cope v. Aetna Finance Co. of Maine, supra,
 
 at 639 n.9;
 
 In re Brendan Reilly Associates, Inc.,
 
 372 F.2d 235, 240 (2d Cir. 1967); 2 Collier on Bankruptcy,
 
 supra,
 
 at ¶¶ 24.28 and 24.31; 9 Moore’s Federal Practice ¶ 110.19[5], at 225 (2d ed. 1975).
 

 When as here an interlocutory order may reasonably be characterized as having been entered in either a “proceeding” or a “controversy,” courts and commentators have expressed a preference for treating the order as having been entered in a “controversy,” and therefore as non-appealable.
 
 *20
 

 Dalton Equipment Co. v. Brown,
 
 594 F.2d 195, 198 (9th Cir. 1979);
 
 United Kingdom Mutual Steamship Assurance Association v. Liman, supra,
 
 at 11; 1 Collier on Bankruptcy ¶ 3.03[7][b], at 3-294 (15th ed. 1979); 9 Moore’s Federal Practice,
 
 supra,
 
 at 225, 227. We think that approach is indicated here, particularly as certain of the issues appellants would have us decide on appeal clearly relate to the substance of the reclamation proceeding — for example, whether the complaint states a claim for which relief can be granted. The district court itself has yet to announce any rulings in this or related matters.
 
 [5]
 
 We hold we are without appellate jurisdiction.
 

 We add that were we to regard the order as having been entered in a “proceeding,” we would, in these particular circumstances if not in all others, perceive it to be a “trivial order” from which no appeal is allowed. Modifying the injunctive bar to the bringing of the customers’ action merely allowed “further development of the issues on the merits,”
 
 Good Hope Refineries, Inc. v. Brashear, supra,
 
 at 847, and lacked the “definitive operative finality” that would justify immediate appellate review,
 
 id., quoting In re Durensky,
 
 519 F.2d 1024, 1029 (5th Cir. 1975). To be sure, the order is doubtless a great disappointment to the creditors in that it opened the door to consideration of whether the customers had any legitimate claim to funds in the bankruptcy estate, but it did not finally determine any substantial right of the parties, nor would it preclude efficient disposition of the customers’ claim should it prove to be as invalid as the creditors insist.
 
 See Cope v. Aetna Finance Co. of Maine, supra,
 
 at 639.
 
 [6]
 

 Although we conclude that the order is non-appealable, we do not regard this as an appropriate case in which to impose double costs and attorneys’ fees, as the customers’ representative urges. Unlike the appeal in
 
 Good Hope Refineries, Inc., supra,
 
 the creditors’ appeal is not a ploy for delay, based upon a purely technical objection to a complaint.
 
 Compare id.
 
 with
 
 Cantor v. Wilbraham and Monson Academy,
 
 609 F.2d 32, 35 (1st Cir. 1979).
 

 Appeal dismissed; usual costs to appellee.
 

 [1]
 

 . Lloyd, Carr & Co., a business operated by Alan Abrahams, sold commodity future options by soliciting customers by telephone. The petitioning creditors are telephone companies.
 

 [2]
 

 . By this time, the customers’ representative had been given leave to withdraw from representing gold option customers because of a potential conflict of interest. Counsel now representing the gold option customers has sought to file a separate reclamation complaint.
 

 [3]
 

 . This distinction has been abandoned in the Bankruptcy Reform Act, Pub.L. No. 95-598, 92 Stat. 2549 (enacted Nov. 6, 1978; effective Oct. 1, 1979), which is not applicable to this case.
 
 See
 
 1 Collier on Bankruptcy 1! 3.03[7][b], at 3-295 (15th ed. 1979).
 

 [4]
 

 . These general principles are subject to the qualification that appeals from orders, decrees, or judgments involving less than $500 can be taken only by allowance of the appellate court. Section 24a of the Bankruptcy Act, 11 U.S.C. § 47(a).
 

 [5]
 

 . We are mindful of appellants’ insistence that the reclamation claim is a “bogus non-genuine” reclamation claim, and that to permit it to hold up the speedy settlement of their own claims is to violate Bankruptcy Rule 115. We can only say that, were the appeal now properly before us, we would perceive no violation of the Rule, and otherwise no abuse of discretion, in allowing the customers’ claim to be filed. Whatever its ultimate merits (as to which we intimate nothing), the claim is not so patently frivolous on its face as to preclude current consideration by the district court. In so saying we do not mean to intimate any view as to whether in fact the complaint states a claim, or whether the district court possesses jurisdiction to grant the relief being sought — we would merely say that the claim is not so transparently frivolous as to make it an administrative abuse or error for the court to have modified the injunction as it did.
 

 [6]
 

 . The two cases on which the creditors rely most heavily for the proposition that the order was not “trivial” are distinguishable. Both cases involved orders that determined an issue instead of merely setting the stage for further consideration of issues.
 
 In re Continental Mortgage Investors,
 
 578 F.2d 872, 877 (1st Cir. 1978) (order in adjudicating CMI bankrupt substantially decided a step in Chapter XI proceedings);
 
 In re Homer Arth Well No. 1,
 
 529 F.2d 1272, 1274 (6th Cir. 1976) (orders deciding the identity of a trustee substantially determined an issue).