633 F.2d 1183
 In re PURITAN DAIRY PRODUCTS, INC., Bankrupt.
A. W. BECK, Trustee, Plaintiff-Appellant, Cross-Appellee,
v.
The SOUTHLAND CORPORATION, a Texas Corporation, qualified to
do business in the State of Florida; et al.,
Defendants-Appellees, Cross-Appellants.
 No. 79-2614.
 United States Court of Appeals,
Fifth Circuit.
 
 Unit B
 Jan. 9, 1981.
 Samuel L. Heller, Fort Lauderdale, Fla., for A. W. Beck.
 Mershon, Sawyer, Johnston, Dunwody & Cole, Timothy J. Norris, Miami, Fla., for Southland Corp.
 Appeals from the United States District Court for the Southern District of Florida.
 Before VANCE, HATCHETT and ANDERSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 On February 9, 1977 Puritan Dairy Products, Inc. was adjudicated a bankrupt. Beck, trustee for the bankrupt, filed a complaint in bankruptcy court on December 28 against Southland Corporation, alleging among other counts that an assignment by Puritan to Southland of a security interest in certain dairy equipment[1] was a voidable preference, and asking the court to determine the validity of the lien under Bankruptcy Rule 701. Southland moved to dismiss this and the other two counts for lack of jurisdiction in the bankruptcy court. The bankruptcy judge denied the motion. On review, the district court reversed on the count at issue here, while affirming with regard to the other two counts.
 
 
 2
 Beck appeals. Southland moves to dismiss the appeal, and alternatively cross-appeals on the other two counts should this court reject its motion. We grant Southland's motion and dismiss the appeal.
 
 
 3
 Both parties agree that the order in question is interlocutory. Under § 24(a) of the Bankruptcy Act, 11 U.S.C. § 47(a) (superseded by the Bankruptcy Reform Act of 1978), an interlocutory order is appealable in "proceedings in bankruptcy," but not "in controversies arising in proceedings in bankruptcy." See In re Durensky, 519 F.2d 1024, 1027-28 (5th Cir. 1975). Although the distinction between "proceedings" and "controversies" is not always clear, generally cases "which present distinct and separable issues between the trustee and adverse claimants concerning the right and title to the bankrupt's estate" are controversies, id. at 1027. "Orders in ... disputes about what belongs in a bankrupt's estate ... are customarily regarded as orders in a 'controversy.' " In re Lloyd, Carr and Co., 614 F.2d 17, 19 (1st Cir. 1980). Such is the case here. Even if Beck is correct and jurisdiction does lie in the bankruptcy court, the interlocutory order is not appealable.
 
 
 4
 This case involves a dispute between the debtor and an adverse claimant concerning property within the summary jurisdiction of the bankruptcy court; it, therefore, is a controversy arising in a proceeding in bankruptcy, ... and the order, consequently, is appealable only if final.
 
 
 5
 In re Ben Hyman & Co., Inc., 577 F.2d 966, 968 (5th Cir. 1978) (citations omitted) (emphasis in original).
 
 
 6
 APPEAL DISMISSED.
 
 
 
 [1]
 Some of this equipment was in the possession of the trustee, some in Southland's. Compare Zamore v. Goldblatt, 194 F.2d 933 (2d Cir.), cert. denied, 343 U.S. 979, 72 S.Ct. 1077, 96 L.Ed. 1370 (1952) with In re American Mechanical Systems, 4 Collier Bankr.Cas. 760, 1 Bankr.Ct.Dec. 997 (S.D.Ala.1975) (Bankruptcy Court)