**In the Matter of CONSOLIDATED EQUITIES, INC.,**

**Civ. No. 84–0466(PG).**
**Bankruptcy No. 83–01588.**

United States District Court,
D. Puerto Rico.

March 6, 1984.

---

Gilberto Mayo Pagán, Santurce, P.R., for Consol. Equities, Inc.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

Present before the Court is Consolidated Equities, Inc.'s application for leave to appeal the interlocutory order of United States Bankruptcy Judge, dated November

21, 1983. Secured Creditor Trustees of Central States Southeast and Southwest Areas Pension Fund filed its opposition thereto.

The order of the Bankruptcy Judge consists of a denial of a change of date for a hearing on the appointment of a trustee. A hearing had been originally scheduled by the Bankruptcy Court for December 27, 1983; however, the hearing was advanced to November 30, 1983.

Appellant contends that the Bankruptcy Court erred in changing the date of the hearing *sua sponte* without the required twenty-day notice and/or without showing just cause for the change.

Pursuant to 28 U.S.C. § 1334(b),[1] interlocutory orders in bankruptcy proceedings may be appealed by seeking leave of court through an application filed within ten days of the date of entry of the order, in accordance with the procedure established in Interim Bankruptcy Rule 8004.[2]

An interlocutory order to be appealable has to have the character of a formal exercise of judicial power affecting the asserted rights of the party; that is, it must determine some issue or decide some step in the proceedings. 1 *Collier on Bankruptcy*, Sec. 3.03(7)(d)(j), 15th Edition, at 3–307; *see also, Good Hope Refineries, Inc. v. Brashear*, 588 F.2d 846 (1st Cir.1978).

The Bankruptcy Court's denial of a change of date for a hearing on the appointment of trustee conformed to procedural practice.

In Chapter 11 cases such as the present one, the statutory provisions relating to trustees are set forth in Sections 1104–1106 of Title 11, U.S.C.A. Section 1104(a) provides in pertinent part that: "(a)t any time after the commencement of the case but before confirmation of a plan, on request of a party in interest, and after notice and a hearing, the court shall order the appointment of a trustee. . . ." The rule of con-

---

1. The Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, Title IV, Sec. 405(c)(2), 92 Stat. 2549, 2685 (1978), made this section applicable during the transition period extending from October 1, 1979, through March 31, 1984.

2. See Rule (e)(1) of the Emergency Rules of this Court in Bankruptcy Cases, issued on December 22, 1982.

struction stated in Section 102(1)[3] governing use of the phrase "after notice and a hearing" implements a central policy that bankruptcy cases be handled in a speedy and expeditious manner. 2 *Collier on Bankruptcy,* Section 102.02, 15th Edition. Hearings on motions for appointment of trustees are not among the events for which Bankruptcy Rule 2002(a) requires not less than a twenty-day notice to the debtor. Furthermore, under 11 U.S.C. § 1104, the Bankruptcy Court does not need the consent of the debtor for the appointment of a trustee. *Matter of Jewel Terrace Corp.,* 3 B.R. 36 (Bkrtcy.N.Y.1980).

 The Bankruptcy Court's order of November 21, 1983, is not appealable because it determines no substantial trial right of debtor nor does it substantially determine any issue. The order can be described as one which lacks the "character of a formal exercise of judicial power affecting the asserted right of a party", *Colliers, supra,* at 3–307, or which lacks "definitive operative finality". *In re Durensky,* 519 F.2d 1024, 1029 (5th Cir.1978). *See also, In re Continental Mortgage Investors,* 578 F.2d 872, 877 (1st Cir.1978); *Cope v. AETNA Finance Co.,* 412 F.2d 635, 639 (1st Cir.1969); *Good Hope Refineries, Inc. v. Brashear, supra.*

In view of the above, the Court hereby DENIES Consolidated Equities Inc.'s leave to appeal the Bankruptcy Court's order of November 21, 1983.

IT IS SO ORDERED.

**3.** 11 U.S.C. § 102(1) provides in pertinent part:
In this title—
(1) After notice and a hearing, or a similar phrase—

(a) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing is appropriate in the particular circumstances, . . .